# Fritchie *v.* Miller's Pennsylvania Extract Company.

197     401
d 29 SC  403

*Insurance—Employer's liability—Policy.*

Where an employer's liability policy insures against liability for damages on account of injuries suffered by employees, and the policy provides that the assured may bring an action against the insurance company within thirty days after judgment is rendered in favor of an injured employee, and further forbids any assignment of interest under the policy without the written consent of the insurance company, an employee who has recovered a judgment for injuries against the insured may issue an attachment execution and summon the insurance company as garnishee.

Argued Oct. 8, 1900.    Appeal, No. 18, Oct. T., 1899, by garnishee, from judgment of C. P. Westmoreland Co., Nov. T., 1897, No. 191, on case stated in suit of Carrie Fritchie v. Miller's Pennsylvania Extract Company, with notice to the Fidelity and Casualty Company of New York, a corporation, as garnishee.    Before McCollum, C. J., Mitchell, Dean, Fell, Brown and Mestrezat, JJ.    Affirmed.

Case stated to determine liability under an employer's liability policy.

From the record it appeared that on March 16, 1894, the Fidelity and Casualty Company issued to the Miller's Pennsylvania Extract Company an employer's liability policy, the material provisions of which were as follows:

"Casualty Insurance.

"the fidelity and casualty company of new york.

"Principal office: 140 & 146 Broadway, New York.
"Premium $60.                              No. 25,082.

"employer's liability policy.

"In consideration of the warranties made in the application for this policy, and of Sixty Dollars, The Fidelity and Casualty Company, of New York, hereinafter called the Company, does hereby insure Miller's Pennsylvania Extract Co., of Grapeville, in the County of Westmoreland and State of Pennsylvania, hereinafter called the Assured, for the term of twelve months, beginning on the Sixteenth day of March, 1894, at 12 o'clock noon, and ending on the Sixteenth day of March, 1895, at twelve o'clock noon, Standard time.

"1. Against all liability for damages on account of fatal or non-fatal injuries suffered by any employee or employees of the Assured while engaged in the occupations and at the places mentioned in the application for this policy, a copy of which application is endorsed on the back hereof and is hereby made a part of this policy.

"9. Any assignment of interest under this Policy shall be void unless the written consent of the Company is first obtained.

"12. No action shall lie against the Company after the expiration of the period within which an action for damages on account of the given injuries or death might be brought by such claimant or his representatives against the Assured, unless at the expiration of said period there is a suit, arising out of such accident, pending against the Assured, in which case an action may be brought in respect to the claim involved in such action against the Company by the Assured within thirty days after judgment is rendered in such suit, and not later."

On February 14, 1896, Carrie Fritchie, for the use of Maria Fritchie, brought an action against Miller's Pennsylvania Extract Company to recover damages for the death of Oscar Fritchie, Maria's father, an employee of Miller's Pennsylvania Extract Company. On September 24, judgment was recovered in this suit by the plaintiff for $2,000. On the same day the plaintiff issued an attachment execution and summoned the Fidelity and Casualty Company as garnishee. Before the judgment had been obtained against Miller's Pennsylvania Extract Company, the company became insolvent and ceased to do business. It took an appeal to the Supreme Court, but did not enter any recognizance.

The court entered judgment in favor of plaintiff on the case stated.

*Error assigned* was the judgment of the court.

*Homer L. Castle*, with him *Stephen Stone* and *W. P. Potter*, for appellant.—It is certainly not possible for this plaintiff to secure a right against the Fidelity and Casualty Company by the indirect route of a garnishment, which she could not secure by the direct route of an assignment: Embler v. Hartford Ins. Co., 158 N. Y. 431; Adams v. Kuehn, 119 Pa. 76; French v. Vix, 143 N. Y. 90.

The contention of the plaintiffs herein is that the emphatic word in this sentence is liability, and that the fact that Miller's Pennsylvania Extract Company is liable makes the Fidelity and Casualty Company liable.    Our contention is that the emphatic word is damages, and that there can be no liability by the Fidelity and Casualty Company until Miller's Pennsylvania Extract Company has suffered damages by being required to pay something: Chace v. Hinman, 8 Wend. 452; Gilbert v. Wiman, 1 N. Y. 550.

*C. K. McCreary* and *C. E. Whitten*, for appellee, were not heard, but in their printed brief said: A policy of insurance may be assigned after a loss has occurred, even though the policy may forbid an assignment; and it is conceded that if the interest of the insured could be assigned, an attachment execution would lie: West Branch Ins. Co. v. Helfenstein, 40 Pa. 289; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 473.

A promise of indemnity is broken by the recovery of a judgment against the person to whom the promise is made, and he may maintain an action without proof of payment: Stroh v. Kimmel, 8 Watts, 157; Bamford v. Keefer, 68 Pa. 389; McAbee v. Cribbs, 194 Pa. 94; Embler v. Hartford Ins. Co., 158 N. Y. 431.

When a party has an indemnity not only against actual damage or expense, but also against any liability for damage or expense, he need not wait to commence his suit until he has actually paid such damage; his right of action is complete when he becomes legally liable for them: Chace v. Hinman, 8 Wend. 452; Sedgwick on Damages (8th ed.), sec. 795.

PER CURIAM, October 31, 1900:

Oscar Fritchie was killed on February 17, 1895, while employed as a laborer in the works of Miller's Pennsylvania Extract Company.    On February 14, 1896, Carrie Fritchie for use of Maria Fritchie, a minor child of the deceased, brought suit against said company, and on the 24th of September, 1897, recovered a judgment against it for $2,000.    Before judgment was obtained the company became insolvent and ceased to do business. It appealed from the judgment to the Supreme Court in 1897, but had not entered any recognizance in said appeal on May 31,

1898. On the same day the judgment was obtained, an attachment execution was issued and the same was served on the Fidelity and Casualty Company on October 7, 1897. The Fidelity and Casualty Company issued to Miller's Pennsylvania Extract Company a certain liability policy of insurance, insuring Miller's Pennsylvania Extract Company from March 16, 1894, till noon of March 16, 1895, against all liability for damages on account of fatal, or nonfatal injuries suffered by an employee or employees of the insured while engaged, inter alia, as laborers at the works of the insured, and providing that the insurer's liability for a casualty resulting in injuries to or the death of any one person should be limited to $1,500.

The only defense of the insurance company to the case at bar is, (1) that it has not consented to an assignment of any interests of the insured to the plaintiff, and (2) that the insured has not suffered any loss, and therefore cannot give to the plaintiff any better right against the insurer than it would have. The defense, however, is not an answer to the judgment against the insured, nor an obstruction to the issuance of an attachment execution, and a service of the same upon the insurer as garnishee. There is nothing in the policy which would justify a denial to the plaintiff of any rights secured to her, for the use of Maria Fritchie, or in the judgment entered by the court below ; nor is there anything in the attachment execution and the service thereof upon the insurer as garnishee, which furnishes any just cause for complaint.

We therefore dismiss the assignments of error and affirm the judgment entered in the common pleas.

Judgment affirmed.