ANDREW NAKONIECZNY, PLAINTIFF-RESPONDENT, v. COMMONWEALTH CASUALTY COMPANY, NOW KNOWN AS INDEPENDENCE INDEMNITY COMPANY, DEFENDANT-APPELLANT.

Submitted January 30, 1933—Decided June 30, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Holmwood & Creighton* (*William E. Holmwood* and *Frank J. Brunetto, Jr.,* of counsel).

For the respondent, *Feder & Rinzler.*

The opinion of the court was delivered by

TRENCHARD, J. The defendant company issued an automobile policy of insurance to the plaintiff, the terms of which,

as amplified by an endorsement attached to and made a part thereof (in conformity with the New Jersey Financial Responsibility act, *Pamph. L.* 1929, *ch.* 116), we shall hereinafter state. Within the term of the policy, a collision occurred by reason of the ownership and use of the automobile described in the policy, and as a result thereof a suit was brought by the owner of the other automobile, which was involved in that collision, against the assured (the plaintiff in the present action), to recover for damages to his automobile and for personal injuries sustained in the collision, and that suit resulted in a judgment being entered in his favor against the assured. The summons and state of demand which were served in that action upon the assured were immediately forwarded to the defendant company in strict compliance with the policy, but the defendant returned them to the assured, refusing to investigate the collision, or the claim for damages, and refusing to defend the action.

The result of that suit was, as already indicated, that a judgment was entered in favor of the plaintiff therein against the assured (plaintiff in the case at bar).

Plaintiff thereupon brought this action, on the policy, against the defendant to recover the amount of such judgment.

The policy (with its endorsement) was received in evidence, and the facts, as above recited, were stipulated at the trial of this action by counsel for the parties.

At the trial the defendant made a motion for a nonsuit on the sole ground that "it has not been shown that judgment has been paid by the plaintiff in this case." Also a motion was made for a direction of a verdict for the defendant upon substantially the same ground. While the denial of both of these motions is made the basis of the defendant's appeal, it will be necessary to consider only the question raised on the motion to nonsuit, because that is the only question argued, the defendant expressly declining to argue any other question.

We think that the trial court did not err in denying the motion for a nonsuit.

As already indicated, the sole contention made below and here by the defendant was and is that before the plaintiff was

entitled to maintain this action he was obliged to pay the amount of the judgment recovered against him, the sole basis for such contention being that the policy was a contract of indemnity rather than a contract for protection against liability.

But an examination of the policy shows that the contract is one to pay liabilities. The policy (as amplified by the endorsement) contains the following controlling provisions:

"Legal Liability for Bodily Injuries or death

(1) To pay all sums which the Assured shall become liable to pay as damages imposed by law for bodily injuries (including death at any time resulting therefrom) caused as the result of the ownership, maintenance or use of any automobile described in said Declarations, but not exceeding the limits of insurance expressed in paragraph 9 of the Declarations;

Legal Liability for Damage to Property of Others

(2) To pay all sums which the assured shall become liable to pay for damages imposed by law on account of damage to or destruction of property of any description (including loss of use thereof and damage or destruction by fire) caused by the ownership, maintenance or use of any automobile described in said Declarations but not exceeding the limit of insurance expressed in paragraph 10 of the Declarations;

Defense of Claims and Suits

(3) To investigate any claim for such damages and to negotiate settlement thereof as may be deemed expedient by the company; to defend such suits for such damages, even if groundless, in the name and on behalf of the Assured, unless and until the Company shall elect to effect settlement thereof;

Taxed Costs and Interest

(4) To pay (a) all costs taxed against the Assured in any legal proceeding defended by the Company according to the foregoing paragraph, and interest accruing upon that part of any judgment rendered in connection therewith which is not in excess of the policy limits, (b) such premium charges on attachment or appeal bonds required in such legal proceedings, and (c) all expenses incurred by the company for investigation, negotiation and defense."

The New Jersey Financial Responsibility act endorsement, which is attached to and made part of the policy, contains this provision:

"(a) The liability of the Company under this policy shall become absolute whenever loss or damage covered by the policy occurs, and the satisfaction by the Insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the Company to make payment on account of such loss or damage. Upon the recovery of a final judgment against the Insured for any such loss or damage the judgment creditor shall be entitled to have the insurance provided by this endorsement applied to the satisfaction of the judgment."

We observe that the word "indemnity" or the phrase "to indemnify" nowhere appears either in the policy in the main, or in the endorsement. The obligation of the defendant, as controlled by the policy, is absolute—the contract is a contract affording protection against liability and not merely of indemnity. It is a contract "to pay all sums which the assured shall become liable to pay"—not to indemnify the assured against loss, but "to pay all sums which the assured shall become liable to pay."

The cases recognize the distinction between a contract affording protection against liability and a contract of indemnity. Under a contract of indemnity, it is necessary that the insured show that he has suffered damage or loss, as by actually paying the judgment fixing his liability, in order that he may have recourse to such policy. But where the policy is a contract for protection against liability, the insured may turn to it for relief as soon as his liability has become legally fixed and established, although he has not suffered actual loss, as by being required to discharge such liability.

Thus in *North* v. *Joseph W. North & Son, Inc.*, 93 *N. J. L.* 438, it was said:

"The cases, therefore, generally recognize a clear distinction between contracts to indemnify against 'liability' and contracts to indemnify (as it is sometimes expressed) against the result of liability, that is, against 'loss.' In the former,

the contract is a contract to pay should the liability arise, and the right of action springs into existence with the liability and the failure to forthwith discharge it; in the latter, actual loss or damage is a prerequisite." (Citing cases.)

Defendant conceded at the trial that *it* has not paid the judgment recovered against the assured and that it still is a lien of record.

In *Kingan & Co.* v. *Maryland Casualty Co.* (1917), 65 *Ind. App.* 301; 115 *N. E. Rep.* 348, it was said:

"Indemnity policies are, as a general rule, by virtue of their provisions and the nature of the insurer's undertaking, grouped by the courts into two classes: First, those indemnifying against loss or damage; and *secondly, those affording protection against liability.* Under a policy of the first class, it is necessary that the insured show that he has suffered damage or loss, as by actually paying the judgment fixing his liability, in order that he may have recourse to such policy. *Where a policy belongs to the second class, the insured may turn to it for relief as soon as his liability has become legally fixed and established, although he has not suffered actual loss, as by being required to discharge such liability."*

In *American Employers' Liability Insurance Co.* v. *Fordyce* (1896), 62 *Ark.* 562; 54 *Am. St. Rep.* 305; 36 *S. W. Rep.* 1051, there was considered a policy whereby the insurer agreed to "pay to the insured * * * all damages with which the insured may be legally charged, or * * * required to pay * * * for or by reason of any liability on account of injuries * * * for which the insured may be legally liable," and it was held to be a contract to pay liabilities. The court in that case said: "This is not simply a contract of indemnity. It is more. It is also a contract to pay liabilities. The difference between a contract of indemnity and one to pay legal liabilities is that, upon the former, an action cannot be brought and a recovery had until the liability is discharged; whereas, upon the latter, the cause of action is complete when the liability attaches."

To the same effect is *Anoka Lumber Co.* v. *Fidelity & C. Co.* (1895), 63 *Minn.* 286; 30 *L. R. A.* 689; 65 *N. W. Rep.*

353, where the contract insured against "all liabilities;" and *Klotzbach* v. *Bull Dog Auto F. Insurance Association (Mo. App.)*, 267 *S. W. Rep.* 39, and *Fritchie* v. *Miller's Pennsylvania Extract Co.* (1900), 197 *Pa.* 401; 47 *Atl. Rep.* 351, where the contract was "to pay all final judgments rendered against [insured]."

In *Capelle* v. *United States Fidelity & G. Co.* (1922), 80 *N. H.* 481; 120 *Atl. Rep.* 556, a policy agreeing "to indemnify from liability imposed by law," and containing a clause that "no action by the assured shall lie against the company until the amount of damages * * * is determined by final judgment," was held to be one of insurance against liability, and not against indemnity merely.

Other cases to the same effect are *Fenton* v. *Fidelity & C. Co.* (1896), 36 *Or.* 283; 48 *L. R. A.* 770; 56 *Pac. Rep.* 1096, and *Pickett* v. *Fidelity & C. Co.* (1899), 60 *S. C.* 477, where the contract indemnified "against liability for damages;" and *Hoven* v. *Employers' Liability Assur. Corp.* (1896), 93 *Wis* 201; 67 *N. W. Rep.* 46, where the agreement was to pay "to the employer * * * all sums for which it shall become liable to its employes."

The rule is stated in 5 *Couch Cyclopedia of Insurance Law,* § 1175a, *p.* 4177, as follows:

"The same distinction made in many other contracts of guaranty or liability insurance has been held to apply to policies protecting owners of automobiles against liability for injuries to third persons, namely, that if the intention of the parties to the contract is to protect the insured from liability for damages, or to protect persons injured by the insured automobile or automobiles as a result of the operation of the same, as specified in the contract, when such liability shall accrue and be imposed by law, the contract is one against liability; whereas, if it is only intended to indemnify against loss sustained by actually having been obliged to pay a judgment, it is a contract of indemnity only."

The contract in the present case, as we have pointed out, contained these provisions: (1) "to pay all sums which the assured shall become liable to pay" as a result of the owner-

ship and use of the automobile; (2) that "the liability of the company under the policy shall be absolute whenever loss or damage covered by the policy occurs;" (3) that "the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of such loss or damage;" (4) that "upon the recovery of a final judgment against the insured for any such loss or damage the judgment creditor shall be entitled to have the insurance provided by this endorsement [policy] applied to the satisfaction of the judgment." It is therefore apparent that the contract afforded protection against liability and entitled the assured to sue the insurer after a final judgment had been recovered against him on a claim covered by the policy, and such right to sue and recover is not precluded by the fact that the assured had not paid the judgment.

None of the cases cited by the defendant are to the contrary. In *United States Fidelity and Guaranty Co.* v. *Williams* (*Md.*), 129 *Atl. Rep.* 660, the policy limited its liability in the following language: "against loss and/or expense." In *West* v. *MacMillan* (*Automobile Underwriters of America et al., Garnishees*) (*Pa.*), 152 *Id.* 104, the distinction which we have pointed out between a contract of insurance against liability and one of indemnity is recognized. In *Horn* v. *Commonwealth Casualty Co.,* 105 *N. J. L.* 616, the action was by the injured party, and not by the assured, and was brought by authority of chapter 153 of the laws of 1924, and has no application here. In *Campbell* v. *Supreme Conclave Heptasophs,* 66 *Id.* 274, the action was upon a certificate of membership, in the nature of a life insurance policy, and involved the liability of the society for the death of the assured as a result of suicide, and does not involve the question under consideration in the case at bar. In *Wicker* v. *Hoppock,* 73 *U. S.* 94, the distinction which we have pointed out is expressly recognized.

It seems clear, therefore, that there was no error in the denial of the motion for a nonsuit.

The judgment will be affirmed, with costs.