■ Alan H. Erdman, Individually and as Contract Assignee of the Estate of David P. Feulner, Deceased, Appellant, v Eagle Insurance Company, Care of Material Damage Adjustment Corporation, Respondent. [658 NYS2d 463] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Viscardi, J.), entered July 2, 1996 in Washington County, which granted defendant's motion for a protective order striking plaintiff's notice to admit, and (2) from an order of said court, entered July 24, 1996 in Washington County, which granted defendant's motion for summary judgment dismissing the complaint.

The genesis of the instant action is an October 17, 1992 automobile accident in Saratoga County between plaintiff and David P. Feulner, as a result of which plaintiff sustained serious injuries and Feulner died. Defendant, who had issued a policy of automobile insurance to Feulner, disclaimed coverage for the accident on the ground that the underlying insurance policy had been canceled on September 30, 1992. Having obtained a judgment against Feulner's estate in the amount of $539,363.88 on November 7, 1994 and an assignment of the purported insurance contract between Feulner and defendant, plaintiff commenced this action alleging that defendant wrongfully disclaimed coverage for the accident and wrongfully refused to defend and indemnify Feulner's estate. Plaintiff seeks to recover the entire judgment entered against Feulner's estate from defendant.

During discovery in this action, defendant learned for the first time that plaintiff had previously filed a claim for uninsured benefits under his own policy of insurance issued by General Accident Insurance Company. Plaintiff was paid the policy limit of $10,000 under the General Accident policy and executed a release from liability on August 31, 1993 which states, as pertinent here: "This release is intended to also in-

ure to the benefit of all other tortfeasors whether joint or concurrent and whether now known or unknown against whom the undersigned may be entitled to claim or to bring action because of the loss, damage or injuries sustained by the undersigned." Thereafter, defendant moved for summary judgment dismissing the complaint on the ground that this action was barred by the release. In the alternative, defendant sought to amend its answer to include the affirmative defense of release.

Also during discovery proceedings, plaintiff served a notice to admit on defendant concerning a November 6, 1995 stipulation entered into between defendant and the State Insurance Department in which defendant admitted to violating various provisions of the Insurance Law and department regulations and agreed to pay a penalty. Pursuant to CPLR 3103, defendant sought a protective order concerning the stipulation and vacatur of the notice to admit. Supreme Court granted defendant's motion for summary judgment finding that the release barred the present action. The court also granted defendant's motion for a protective order and struck plaintiff's notice to admit. Plaintiff appeals from both orders.

It is clear that the rights being asserted by plaintiff concern defendant's alleged breach of its contractual obligations to defend and indemnify Feulner's estate under the insurance policy issued to Feulner for the policy period July 28, 1992 through July 28, 1993 (*compare, Williams v Associated Mut. Ins. Co.*, 211 AD2d 865). Defendant's decision not to defend or indemnify Feulner's estate is based on its contention that the policy of insurance was not in effect on the day of the accident. This particular question remains unresolved. The issue presently before this Court, however, is whether the release executed by plaintiff requires dismissal of the instant breach of contract cause of action. In our view, since the release exonerated Feulner's estate from liability, there is nothing for defendant to defend or indemnify against.

Our analysis begins with General Obligations Law § 15-108 (a), which provides that: "When a release or a covenant not to sue * * * is given to one of two or more persons liable or claimed to be liable in tort for the same injury * * * it does not discharge any of the other tortfeasors from liability for the injury * * * unless its terms expressly so provide." Significantly, a discharged party need not be specifically named or identified to be a beneficiary of a general release or covenant not to sue (*see, Wells v Shearson Lehman/Am. Express*, 72 NY2d 11, 18-25). Under the express and unambiguous terms of

the release, it is clear that Feulner—a clear tortfeasor in the underlying accident—was discharged from all liability. Although defendant itself cannot be considered a "tortfeasor" within the meaning of the release or General Obligations Law § 15-108, nor is the instant action a tort action, the release nevertheless warrants dismissal of the complaint in this case.

Indemnification flows from a contractual relationship (*see, e.g., Riviello v Waldron*, 47 NY2d 297, 306). The "duty to indemnify turns not on the pleadings but on the actual facts" (*Ingber v Home Ins. Co.*, 140 AD2d 750, 751; *see, Servidone Constr. Corp. v Security Ins. Co.*, 64 NY2d 419, 425). By virtue of the release discharging Feulner, and therefore his estate, from all liability, defendant has no obligation to indemnify under the contract.

We reach the same result with respect to defendant's duty to defend. Without doubt, this duty is exceedingly broader than and distinct from the duty to indemnify (*see, e.g., Redding-Hunter, Inc. v Aetna Cas. & Sur. Co.*, 206 AD2d 805, 806, *lv denied* 86 NY2d 709; *Curtis v Nutmeg Ins. Co.*, 204 AD2d 833, 834, *lv dismissed* 84 NY2d 1027), for even where a complaint on its face fails to state a covered claim an "insurer must provide a defense if it has knowledge of facts which potentially bring the claim within the policy's indemnity coverage" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 66). On the other hand, even where a complaint on its face states a covered claim and issues concerning the validity of an insurer's disclaimer remain unresolved, when the uncontroverted facts prove that no duty to indemnify exists the insurer must be relieved of its duty to defend.

An insurer has no obligation to defend an action " ' "if it could be concluded as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated *to indemnify* [the insured] under any provision of the insurance policy" ' " (*Jubin v St. Paul Fire & Mar. Ins. Co.*, 236 AD2d 712, 714, quoting *Servidone Constr. Corp. v Security Ins. Co.*, *supra*, at 424 [emphasis supplied]; *see, Home Mut. Ins. Co. v Lapi*, 192 AD2d 927, 928). Here, because of the release, there is no possible factual or legal basis on which defendant might eventually be obligated to indemnify Feulner's estate (*see, e.g., Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648; *Fitzpatrick v American Honda Motor Co.*, *supra*, at 66-67; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311-312; *cf., Emery v Capital Mut. Ins. Co.*, 151 AD2d 854). Accordingly, we find that summary judgment was properly awarded to defendant.

Furthermore, we do not view the result in this case to be a collateral attack on the underlying judgment against the estate. Permitting defendant to defend the instant action by asserting the legal effect of the release on its duty to defend and indemnify in no way impairs the validity of the prior judgment (cf., *Saxl v Roberts*, 37 AD2d 932; *Kupferman v Consolidated Research & Mfr. Corp.*, 459 F2d 1072). Plaintiff may still enforce that judgment against the assets, if any, of Feulner's estate. That the estate may be insolvent is of no legal consequence to the limited contractual issues presently before this Court.

The remaining contentions raised by the parties have either been rendered academic in light of this Court's findings or considered and determined to be without merit.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the appeal from the order entered July 2, 1996 is dismissed, as academic. Ordered that the order entered July 24, 1996 is affirmed, with costs.