[670 NYS2d 909]

M & M Electric, Inc., Respondent, v Commercial Union Insurance Company, Appellant.

Second Department, April 6, 1998

APPEARANCES OF COUNSEL

*Farley, Holohan, Wagner & Doman,* Mineola *(Mark R. Bernstein* of counsel), for appellant.

*Morris Ehrlich, P. C.,* New York City, for respondent.

## OPINION OF THE COURT

BRACKEN, J. P.

The defendant Commercial Union Insurance Company (hereinafter Commercial Union) issued a contract of indemnity against legal liability to the plaintiff, M & M Electric, Inc. (hereinafter M & M). In essence, Commercial Union promised to pay, on behalf of M & M, subject to stated conditions, any amount which M & M might become "legally obligated to pay" to a third party on account of an occurrence resulting in bodily injury or property damage. We agree with Commercial Union's position that no such "legal obligation to pay" has arisen merely because a third party, claiming to have incurred property damages as the result of an occurrence, has unilaterally decided to withhold certain sums to which M & M would otherwise have been entitled. The order under review should therefore be reversed insofar as appealed from, the plaintiff's motion for summary judgment denied, the defendant's cross motion for summary judgment granted, and the complaint dismissed.

M & M is the named insured under a general liability insurance policy issued by Commercial Union for the period of time running from December 11, 1993 to December 11, 1994. The outer limits of Commercial Union's commitment to provide liability insurance coverage are set forth in the following provision of the policy: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend any 'suit' seeking those damages. We may at our discretion investigate any 'occurrence' and settle any claim or 'suit' that may result".

On February 3, 1994, M & M contracted with the Brookhaven National Laboratory (hereinafter Brookhaven) to perform certain electrical services. In connection with this contract, M & M subcontracted with Cranes for Hire to move two transformers from one part of Brookhaven's premises to another. The subcontractor placed the transformers on a truck, and the truck tipped over, causing the transformers to be damaged to the extent of $42,000. A man on the truck was injured in the truck accident, and later commenced a personal injury action against M & M.

Brookhaven sought to recoup its $42,000 in property damage by deducting that sum from the amount it paid to M & M pursuant to the contract. M & M notified Commercial Union, which conducted an investigation, and issued a letter dated September 7, 1994, stating that it concluded that the plaintiff's subcontractor, Cranes for Hire, was responsible for the loss. Because Commercial Union concluded that its insured, M & M, was not responsible for the loss, it stated that "we would not be justified in making any settlement, and we must, therefore, respectfully decline payment of this claim".

It should be noted that in the personal injury action brought by the man injured in the truck accident against the plaintiff, Commercial Union did take over the defense of its insured, M & M. However, no action has ever been commenced by Brookhaven to recover the $42,000 in damages to its property; Brookhaven merely deducted the $42,000 from the amount it paid to M & M.

M & M commenced the present action in November 1994 seeking to recover $42,000 from Commercial Union. The parties' motion and cross motion for summary judgment, as well as a subsequent motion for leave to reargue, centered on the validity of Commercial Union's argument that, pursuant to the terms of its policy, outlined above, M & M had not yet been subjected to a "legal obligation to pay". The Supreme Court disagreed with that argument, and denied Commercial Union's cross motion for summary judgment. We reverse.

While no binding New York precedent exists on the precise issue presented here, New York law does follow the general rule that "[l]iability of the insurer attaches when there is a final judgment against the insured as a result of an obligation imposed by law" *(State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587, 591, citing 30 NY Jur, Insurance, § 1168; *see also, 755 Seventh Ave. Corp. v Carroll,* 266 NY 157, 161; *Podolsky v Devinney,* 281 F Supp 488, 494; 70 NY Jur 2d, Insurance, § 1411; *cf., Stonborough v Preferred Acc. Ins. Co.,* 292 NY 154, *overruling Fuchs v London & Lancashire Indem. Co.,* 258 App Div 603; *Ryan v Royal Ins. Co.,* 916 F2d 731; *Eberhard v Aetna Ins. Co.,* 134 Misc 386). Because there is no indication that Brookhaven ever obtained a judgment against M & M in accordance with this rule, the contract of indemnification against liability has not been triggered, and the defendant herein has no duty to indemnify.

Several cases from other jurisdictions involve fact patterns similar to the one presented here *(see, Bacon v American Ins.*

*Co.,* 131 NJ Super 450, 330 A2d 389, *affd* 138 NJ Super 550, 351 A2d 771; *Jones Masonry v West Am. Ins. Co.,* 768 SW2d 686 [Tenn]; *Willett's Plumbing Co. v Northwestern Natl. Cas. Co.,* 261 Ark 447, 548 SW2d 830; *North Iowa State Bank v Allied Mut. Ins. Co.,* 471 NW2d 824, 827 [Iowa]; *Wichman v Aetna Cas. & Sur. Co.,* 412 SW2d 528 [Mo]; *Allstate Ins. Co. v Atwood,* 319 Md 247, 572 A2d 154; *Alaska Natl. Ins. Co. v Industrial Indem. Co.,* 757 P2d 1052, 1054 [Alaska]; *International Surplus Lines Ins. Co. v Devonshire Coverage Corp.,* 93 Cal App 3d 601, 611, 155 Cal Rptr 870, 875; 46 CJS, Insurance, § 1135). The case of *Bacon v American Ins. Co. (supra),* for example, involves the seller of defective "steaming paper", whose product caused property damage to a textile manufacturer. The textile manufacturer then applied the amount of the damages as an offset against the amount owed under the contract to the seller. The New Jersey court held that the seller was not, under those circumstances, "legally obligated to pay" the damages incurred by the textile manufacturer, so that no coverage existed under its insurance policy. In *Bacon v American Ins. Co. (supra,* 131 NJ Super, at 457, 330 A2d, at 393), the court stated: "While the term 'legally obligated' is undefined in the policy or by our courts, courts in other jurisdictions have defined the term as used in liability policies to signify existence of a legal liability. *Liberty Bldg. Co. v. Royal Indem. Co.,* 177 Cal.App.2d 583, 2 Cal.Rptr. 329 (D.Ct.App.1960); *Stubblefield v. St. Paul Fire & Marine Ins. Co.,* 98 Or.Adv. 345, 517 P.2d 262 (Or.Sup.Ct.1973). Our courts have alluded to this definition. In *Nakonieczny v. Commonwealth Cas. Co.,* 111 N.J.L. 137, 167 A. 213 (Sup.Ct.1933), the court, in distinguishing between liability and indemnity contracts, said (at 140, 167 A. at 214): 'But, where the policy is a contract for protection against liability, the insured may turn to it for relief *as soon as his liability has become legally fixed and established,* although he has not suffered actual loss, as by being required to discharge such liability.' (Emphasis supplied). The import of this language is that the term 'legally obligated' as used in Part I connotes an establishment of legal liability for payment of damages. Accord, *Viddish v. Hartford Acc. & Indem. Co.,* 41 N.J.Super. 221, 226, 124 A.2d 607 (App.Div.1956)".

The logic behind this rule becomes evident when one considers that a liability insurer's duty to pay is normally coupled with such insurer's right to control the defense of its insured. The insurer's right to control the defense of the underlying litigation against the insured corresponds to the recognized right

of the insurer to protect its own financial interest *(e.g., Parker v Agricultural Ins. Co.,* 109 Misc 2d 678; *Podolsky v Devinney,* 281 F Supp 488, 494, *supra;* 7C Appleman, Insurance Law and Practice § 4681). To hold that an insurer's duty to pay under the terms of a liability policy may arise even where no legal claim has been asserted against the insured, would be to nullify the important right that the liability insurer has to control the litigation which is contemplated, by the express terms of the policy, as a precondition to any duty to indemnify.

For the foregoing reasons, we conclude that the order under review should be reversed insofar as appealed from, the plaintiff's motion for summary judgment denied, the defendant's cross motion for summary judgment granted, and the complaint dismissed.

O'BRIEN, SANTUCCI, FRIEDMANN and GOLDSTEIN, JJ., concur.

Ordered that the order is reversed insofar as appealed from, the plaintiff's motion for summary judgment is denied, the defendant's cross motion for summary judgment is granted, and the complaint is dismissed.