■ GARY WESTERVELT et al., Appellants, v DRYDEN MUTUAL INSURANCE COMPANY, Respondent. [676 NYS2d 358] —Graffeo, J. Appeal from an order of the Supreme Court (Ellison, J.), entered June 5, 1997 in Schuyler County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Bruce Austic had a contract to deliver corn feed to plaintiff's

pig farm and, in September 1992, instead of using his own feed supply, Austic delivered corn feed that he had purchased from Agway Corporation. The corn was allegedly contaminated with mycotoxins, resulting in the serious illness or death of plaintiffs' livestock. Thereafter, in January 1993 plaintiffs commenced an action against Austic and Agway for the recovery of monetary damages for the demise and destruction of their pig-farming business. Austic had two insurance policies; Travelers Insurance Company provided liability coverage and defendant carried his farm operations liability coverage. Asserting that the business transaction with plaintiffs was not covered under the terms of its farm operations liability policy, defendant disclaimed coverage in February 1993. However, Travelers provided Austic's defense to plaintiffs' action.

On the eve of trial, plaintiffs reached a negotiated settlement with Austic and Agway in the amount of $407,500 to be recovered from three sources. Plaintiffs were to receive $7,500 from Agway and $400,000 from Austic, of which $300,000 was contributed from his Travelers policy and the remaining $100,000 was attributed to an assignment by Austic to plaintiffs of his rights under defendant's farm operations liability policy. The settlement also explicitly provided that there would be no future recourse against Austic and that Austic's obligation to plaintiffs was fully satisfied by the assignment, regardless of whether any recovery was obtained from defendant. Plaintiffs also apparently executed a general release in favor of Austic.*

Thereafter, in December 1996, plaintiffs commenced this action against defendant as Austic's assignees, seeking a declaration of their rights under the assignment and for a judgment based on the alleged wrongful disclaimer of the duty to defend. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (3) and plaintiffs cross-moved for partial summary judgment. Supreme Court granted defendant's motion, dismissed plaintiffs' complaint and denied plaintiffs' cross motion. Plaintiffs appeal.

We agree with Supreme Court that as assignees, plaintiffs have only those rights that Austic could have asserted against defendant in a wrongful disclaimer action and are subject to any defense which might have been interposed against Austic (*see,* General Obligations Law § 13-105; *Matter of International Ribbon Mills [Arjan Ribbons],* 36 NY2d 121; *Erdman v Eagle Ins. Co.,* 239 AD2d 847, *appeal dismissed and lv denied* 90

---

* The general release was not included in the record on appeal.

NY2d 926; 6A NY Jur 2d, Assignments, §§ 1, 5, 7). Any recovery by plaintiffs is, therefore, limited to the costs of defense and any indemnification for a sum Austic may have been required to pay plaintiffs. The issue before this Court is whether defendant benefits from plaintiffs' release of any future obligation owed by Austic, notwithstanding the assignment of Austic's potential claim to plaintiffs. We find that it does and, therefore, affirm Supreme Court's order.

Relying upon the principle that "[i]ndemnification flows from a contractual relationship" (*Erdman v Eagle Ins. Co., supra*, at 849), plaintiffs were limited as assignees to possible recovery of the cost of Austic's defense, together with reimbursement or indemnification for any amounts he was required to pay to plaintiffs. Here, the costs of Austic's defense was fully paid by Travelers and in the absence of a judgment entered against Austic, the "without recourse" provision of the assignment, paired with the general release, vitiated any present or future obligation of Austic to plaintiffs. A release discharging an insured from all liability effectively relieves an insurer from indemnifying under a contract of insurance. As "there is no possible factual or legal basis on which defendant might eventually be obligated to indemnify" (*id.*, at 849) Austic, defendant is exonerated from potential liability and as a matter of law Supreme Court properly dismissed plaintiffs' complaint.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.