■ David McDonough et al., Appellants, v Dryden Mutual Insurance Company, Respondent. [713 NYS2d 787] —Carpinello, J. Appeal from an order of the Supreme Court (Rose, J.), entered July 1, 1999 in Broome County, which granted defendant's motion for partial summary judgment and declared that it is not obligated to indemnify plaintiffs in an underlying personal injury action.

This declaratory judgment action arises out of a motor vehicle accident which occurred on November 19, 1994 when Keith Conrade walked onto a highway and was struck by a motor vehicle after consuming alcoholic beverages at a tavern owned and operated by plaintiffs. Conrade and his wife thereafter commenced an action to recover damages for personal injuries and loss of services, alleging that plaintiffs were negligent in serving Conrade alcoholic beverages while he was visibly intoxicated and in failing to properly supervise him after purportedly assuming dominion and control over his person. Defendant, who had issued plaintiffs an insurance policy in connection with their ownership of the tavern, disclaimed coverage for the accident on various grounds. As a result, plaintiffs commenced this action seeking, *inter alia*, a declaration that defendant is obligated to defend and indemnify them in the underlying action.

Meanwhile, as part of a settlement agreement, the Conrades executed general releases absolving plaintiffs from any liability

in the underlying action. Under the terms of the settlement agreement, however, the releases would be held in escrow pending resolution of this declaratory judgment action, which plaintiffs agreed would be prosecuted to its conclusion by the Conrades' attorneys. The settlement agreement further provided that if plaintiffs prevailed in this action, the Conrades would not hold them personally liable for the settlement amount and would seek recovery solely from defendant. Notably, in the event that plaintiffs were not successful in this action, the Conrades agreed to forfeit any right to seek recourse against them for the settlement amount. Needless to say, defendant did not participate in the settlement.

Thereafter, defendant moved for partial summary judgment seeking a declaration that it is not obligated to indemnify plaintiffs in the underlying action. Finding that the general releases relieved defendant of the duty to indemnify, Supreme Court granted the motion. Plaintiffs appeal.

We affirm. As an insurer's obligation to indemnify extends only to those damages the insured is legally obligated to pay, it naturally follows that a release discharging an insured from all liability relieves the insurer from the duty of indemnification because it effectively eliminates any factual or legal grounds on which the duty to indemnify may be based (*see, Westervelt v Dryden Mut. Ins. Co.*, 252 AD2d 877, 879; *Erdman v Eagle Ins. Co.*, 239 AD2d 847, *lv denied* 90 NY2d 926; *see also, Syvertsen v Great Am. Ins. Co.*, 267 AD2d 854, 857-858). Here, the settlement agreement explicitly provided that the Conrades would have no future recourse against plaintiffs in the underlying action, regardless of whether any recovery is obtained from defendant. In this regard, the circumstances underlying this case are closely analogous to those presented in *Westervelt v Dryden Mut. Ins. Co.* (*supra*), in which this Court concluded that such a "without recourse" provision coupled with a general release in favor of an insured abolished any present or future duty of indemnification on the part of the insurer.

We are unpersuaded by plaintiffs' attempt to distinguish *Westervelt* (*supra*) on the ground that the insured in that case assigned its right to recovery to the plaintiff in the underlying action, whereas the settlement agreement here involved no such assignment of rights. The sole issue for this Court's resolution involves whether any duty of indemnification is owed by defendant to plaintiffs. Since we conclude that the language of the settlement agreement and the releases executed by the Conrades relieved plaintiffs from any legal liability, we find

that defendant's duty to indemnify plaintiffs was also thereby extinguished. Accordingly, Supreme Court properly granted defendant's motion for partial summary judgment declaring that it is not obligated to indemnify plaintiffs in the underlying action.

Plaintiffs' remaining contentions have been reviewed and rejected as lacking in merit.

Cardona, P. J., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.