■ HOME DEPOT U.S.A., INC., Respondent-Appellant, v NATIONAL FIRE & MARINE INSURANCE COMPANY, Appellant-Respondent. [866 NYS2d 255]—

In an action, inter alia, for a judgment declaring that the defendant National Fire & Marine Insurance Company is obligated to defend and indemnify the plaintiff, Home Depot U.S.A., Inc., in an underlying action entitled *Galicia v Home Depot U.S.A., Inc.,* pending in Supreme Court, Kings County, under index No. 3587/04, as an additional insured under a certain policy of insurance issued by the defendant to Westward Contracting, Inc., and that the defendant is obligated to indemnify Westward Contracting, Inc., in the third-party action related to the underlying action, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 5, 2007, as denied that branch of its cross motion which was, in effect, for summary judgment dismissing the first, second, and third causes of action on the ground that the plaintiff, in its capacity as assignee of Westward Contracting, Inc., lacks standing to assert them, or in the alternative, for summary judgment in its favor on those causes of action declaring that it is not obligated to indemnify Westward Contracting, Inc., in the third-party action related to the underlying action, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as, in effect, denied that branch of its motion which was to compel discovery pursuant to CPLR 3126 and granted that branch of the defendant's cross motion which was, in effect, for summary judgment in its favor on the fourth, fifth, and sixth causes of action declaring that it was not an additional insured under the subject policy of insurance.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The injured worker in the underlying action, an employee of the subcontractor Westward Contracting, Inc. (hereinafter Westward), allegedly was injured while performing work on a project in which the plaintiff, Home Depot U.S.A., Inc. (hereinafter Home Depot), was the general contractor. The injured worker commenced the underlying action against, among others, Home Depot. In response, Home Depot commenced a third-party action against Westward for indemnification and a defense. By contract, Westward had agreed to obtain insurance naming Home Depot as an additional insured under a commercial general liability policy which it obtained from the defendant, National Fire & Marine Insurance Company (hereinafter National Fire). Home Depot obtained a default judgment against Westward in the third-party action. National Fire disclaimed coverage to Westward in the underlying action and disclaimed coverage to Home Depot, contending that Home Depot was not named as an additional insured under the policy. Thereafter, Home Depot and Westward entered into an assignment agreement under which Westward agreed to assign its claims against National Fire to Home Depot in consideration for Home Depot's agreement to "limit any levy or execution or any process of any kind, relating to the Default Judgment against Westward . . . solely to any and all claims or causes of action of whatever nature or kind which Westward might have or possess against" National Fire.

Home Depot, individually and as assignee of Westward, commenced the instant action against National Fire, inter alia, for a judgment declaring that National Fire was required to indemnify Westward in the underlying third-party action and that National Fire was obligated to defend and indemnify Home Depot in the underlying action because Home Depot was named as an additional insured under the policy. Following motion practice, the Supreme Court, inter alia, in effect, denied that branch of Home Depot's motion which was to compel discovery pursuant to CPLR 3126, granted that branch of National Fire's cross motion which was, in effect, for summary judgment in its favor on the fourth, fifth, and sixth causes of action declaring that Home Depot was not an additional insured under the subject policy of insurance, and denied that branch of National Fire's cross motion which was, in effect, for summary judgment dismissing the first, second, and third causes of actions on the ground that Home Depot, in its capacity as Westward's assignee, lacks standing to assert them, or in the alternative for summary judgment

in its favor on those causes of action declaring that it is not obligated to indemnify Westward in the underlying third-party action. We affirm the order insofar as appealed and cross-appealed from.

National Fire established, prima facie, that Home Depot was not entitled to coverage as an additional insured under the policy of insurance as it was not named as an additional insured in the policy. In opposition to National Fire's prima facie showing, Home Depot failed to raise a triable issue of fact. The certificate of insurance, relied upon by Home Depot and which expressly stated that "it is issued as a matter of information only and confers no rights upon the certificate holder," was insufficient to support Home Depot's contention that it was an additional insured under the policy (*see Cendant Car Rental Group v Liberty Mut. Ins. Co.*, 48 AD3d 397, 398 [2008]; *Metropolitan Heat & Power Co., Inc. v AIG Claims Servs., Inc.*, 47 AD3d 621, 623 [2008]; *Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647 [2003]; *Penske Truck Leasing Co. v Home Ins. Co.*, 251 AD2d 478, 479 [1998]; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 423, 424 [1998]). Accordingly, the Supreme Court properly granted that branch of National Fire's cross motion which was, in effect, for summary judgment in its favor on the fourth, fifth, and sixth causes of action declaring that Home Depot was not an additional insured under the policy.

The Supreme Court properly denied that branch of National Fire's cross motion which was, in effect, for summary judgment dismissing the first, second, and third causes of action on the ground that Home Depot, in its capacity as assignee of Westward, lacks standing to assert those causes of action pursuant to Insurance Law § 3420. Home Depot, as assignee of Westward, was permitted to commence the instant action seeking a determination of coverage issues as they applied to Westward. Under New York law, claims are typically transferable (*see Quantum Corporate Funding, Ltd. v Westway Indus., Inc.*, 4 NY3d 211, 216 [2005]), and National Fire has failed to support its contention that such an assignment was prohibited by Insurance Law § 3420 (*see* General Obligations Law § 13-101; *Grand Crossing, L.P. v United States Underwriters Ins. Co.*, 2007 WL 4591989, 2007 US Dist LEXIS 94244 [SD NY 2007]).

Similarly, the Supreme Court properly rejected National Fire's contention that it was relieved from its obligation to indemnify Westward in the underlying third-party action because of the assignment agreement. Since "an insurer's obligation to indemnify extends only to those damages the insured is legally

obligated to pay, it naturally follows that a release discharging an insured from all liability relieves the insurer from the duty of indemnification because it effectively eliminates any factual or legal grounds on which the duty to indemnify may be based" (*Westchester Fire Ins. Co. v Utica First Ins. Co.*, 40 AD3d 978, 980 [2007], quoting *McDonough v Dryden Mut. Ins. Co.*, 276 AD2d 817, 818 [2000]). Nonetheless, the assignment agreement did not constitute a release of Westward's liability in the underlying personal injury action (*compare Westchester Fire Ins. Co. v Utica First Ins. Co.*, 40 AD3d at 980, *with Westervelt v Dryden Mut. Ins.* Co., 252 AD2d 877 [1998]; *Erdman v Eagle Ins. Co.*, 239 AD2d 847, 849 [1997]). Since National Fire failed to meet its prima facie burden, the sufficiency of the opposing papers need not be considered (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of National Fire's cross motion which was, in effect, for summary judgment in its favor on the first, second, and third causes of action declaring that it is not obligated to indemnify Westward in the underlying third-party action.

Home Depot's remaining contentions are without merit. Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.