OPINION OF THE COURT
Wayne P. Saitta, J.
Third-party defendant A.J. McNulty moves this court for an order pursuant to CPLR 3212 for summary judgment against the third-party plaintiff and granting further relief as this court deems just and proper.
Third-party defendant A.J. McNulty’s motion for summary judgment is granted for the reasons set forth below.
Facts
White Plain Kensington, LLC is the owner of the Longview Avenue Parking Garage and hired MPCC CORE (hereinafter MPCC) as a general contractor on a construction project at the premises (hereinafter the project).
William E. Daily Precast, LLC (hereinafter WED) was hired by MPCC pursuant to a subcontract to perform the structural precast concrete work at the project.
WED in turn hired A.J. McNulty & Co., Inc. (hereinafter Mc-Nulty) to perform certain precast erection and installation. The subcontract between WED and McNulty, entered into in January 2008, required McNulty to indemnify WED.
Article 7 of the subcontract reads:
“INDEMNIFICATION. To the fullest extent permitted by law, A.J. McNulty & Co., Inc., shall indemnify and hold harmless, WED and Peckham Industries, Inc., including all of its wholly owned subsidiaries and affiliates, from all damages, losses, or expenses, including attorneys fees, from any claims or damages for bodily injury, sickness, disease or death, or from claims for damage to tangible property, other than the Work itself.
“This indemnification shall extend to claims arising from A.J. McNulty & Co., Inc.’s means and methods of erection and securing of precast elements as well as use, maintenance, or operation of precast shuttling and erection of the structure and shall apply only to the extent that the claim is caused in whole *767 or in part by any willful or negligent act or omission of A.J. McNulty & Co., or any of its agents, employees, or subcontractors. This indemnity shall be effective whether the claim or loss is caused in some part by by [sic] a party to be indemnified.”
Plaintiff Badiak, who was the employee of McNulty, was injured on the project on June 20, 2008. He brought an action pursuant to the Labor Law to recover for personal injuries against White Plain Kensington, LLC and MPCC.
On February 3, 2010, WED assigned certain rights and obligations under its subcontract (the subcontract) with McNulty to MPCC. WED agreed to assign to MPCC the rights contained in article 7 of the subcontract, entitled “INDEMNIFICATION.” As part of the assignment agreement, MPCC agreed not to bring a third-party action against WED in Alexander Badiak’s action.
MPCC then brought this third-party action, which included a claim for contractual indemnification against McNulty, under the subcontract which was originally between WED and Mc-Nulty. McNulty moves to dismiss the third-party action.
McNulty argues that the subcontract assigned to MPCC by WED contains no agreement that it would indemnify MPCC and therefore the claims for contractual indemnification and contribution must be dismissed. McNulty also points out that the subcontract was assigned well after the accident, which gave rise to the claim for indemnity, took place.
MPCC argued in its papers in opposition that McNulty’s obligations to indemnify and hold WED harmless were legally assigned to MPCC, and therefore McNulty must indemnify MPCC.
Analysis
So long as they are in accordance with applicable law, New York claims are generally transferable. (Home Depot U.S.A., Inc. v National Fire & Mar. Ins. Co., 55 AD3d 671 [2d Dept 2008]; see also Quantum Corporate Funding, Ltd. v Westway Indus., Inc., 4 NY3d 211 [2005].)
Contracts are freely assignable absent language which expressly prohibits assignment. (Matter of Stralem, 303 AD2d 120 [2d Dept 2003].) However, in the absence of a legal duty to indemnify, a contractual indemnification provision “must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed.” (Alfaro v 65 W. 13th Acquisition, LLC, 74 AD3d 1255, 1255-1256 [2d Dept 2010], quoting Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989].)
*768 While MPCC is correct in noting that the subcontract did not contain any provision limiting WED’s right to assign rights contained in the subcontract, MPCC is mistaken in believing the assignment gave MPCC a right to indemnification as to its own liability.
The assignment of rights does not alter the nature of the rights assigned; the assignee merely stands in the shoes of the assignor. (Quantum Corporate Funding, Ltd. v Westway Indus., Inc., 4 NY3d 211 [2005].)
Therefore, the assignment to MPCC of the right of WED to be indemnified by McNulty resulted in the assignment of that right only to the extent WED would have been entitled to indemnification by McNulty. It did not create a new right for MPCC to be indemnified for its own liability.
The parties to the subcontract negotiated for certain rights and liabilities as between them. There is nothing to indicate that McNulty agreed to expand the scope of that agreement to consider or include the liability of any party other than WED.
The general contractor, MPCC, who was not a party to the subcontract, has greater exposure to liability under the Labor Law for Badiak’s injuries than does WED, a subcontractor. MPCC as general contractor is strictly liable under the Labor Law for certain injuries sustained in construction related accidents, while WED is not strictly liable.
Simply because WED transferred its right to indemnification to MPCC does not entitle MPCC to be indemnified for its own liability. MPCC obtained only the right to be paid whatever indemnification was owed to WED.
In the present case, WED has never been named as a party in Badiak’s action and therefore has no claim to be indemnified by McNulty. Therefore, WED’s assignment of the right to be contractually indemnified by McNulty is moot.
Wherefore, third-party defendant McNulty’s motion for summary judgment is herein granted and it is ordered that the third-party action is dismissed.