WILLETT'S PLUMBING CO., Inc. *v.*
NORTHWESTERN NATIONAL CASUALTY
COMPANY

76-382                                   548 S.W. 2d 830

Opinion delivered April.11, 1977
(Division I)

*Hobbs & Longinotti,* for appellant.

*Laser, Sharp, Haley, Young & Boswell,* for appellee.

FRANK HOLT, Justice. This appeal comes from the trial court granting a summary judgment in favor of appellee. Appellant was a subcontractor on a construction project. Its employees, allegedly through negligence or faulty workmanship, caused the general contractor to suffer damages in the sum of $7,207.70. These claims were submitted to appellee, appellant's insurer under a general liability policy, which refused to pay them except for a $506.25 claim. Appellant then voluntarily indemnified the general contractor for the balance of the claims and filed suit against appellee to recover this amount. As a defense, the appellee pled the "no action" clause of the policy. Based on this provision, the trial court granted summary judgment for appellee. Appellant contends that the court erred in granting the summary judgment because there was a factual issue as to

whether appellee insurer was justified in denying liability for the submitted claims. The "no action" clause in the policy provides:

> No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Appellant argues, however, that the appellee's refusal to settle and the denial of liability effectively releases the insured from its agreement not to settle.

The rule is that, absent a demonstration of bad faith, a liability insurer acts within its contract rights whenever it refuses to voluntarily settle a claim and insists there be an adjudication of the matter on its merits. *The Home Indemnity Co. v. Snowden*, 223 Ark. 64, 264 S.W. 2d 642 (1954); and *Dreyfus v. St. Paul Fire and Marine Ins. Co.*, 238 Ark. 724, 384 S.W. 2d 245 (1964). See also *Marvel Heat Corp. v. Travelers Indemnity Co.*, 92 N.E. 2d 233 (Mass. 1950). Here, upon a review of the pleadings, affidavits and exhibits, no bad faith is demonstrated on the part of the appellee. It appears the appellee insurer made an investigation and determined that only one of the claims justified payment without litigation. Therefore, since there was no genuine issue of fact presented as to bad faith on appellee's part in refusing payment of the claims and it being undisputed that the conditions precedent to a right of action against appellee have not been met, the trial court correctly granted the summary judgment.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.