**JONES MASONRY, INC., Plaintiff–Appellee,**

v.

**The WEST AMERICAN INSURANCE COMPANY, an Ohio Casualty Group Company, Defendant–Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Oct. 24, 1988.

Application for Permission to Appeal Denied by Supreme Court Jan. 23, 1989.

J. Cecil McWhirter, Richard W. Vaughn, Jr., Memphis, for defendant-appellant.

Richard Glassman, Memphis, for plaintiff-appellee.

CRAWFORD, Judge.

This is a suit on a liability insurance policy. Defendant, West American Insurance Company, appeals from the order of the trial court denying its motion for summary judgment and granting summary judgment to plaintiff, Jones Masonry, Inc.

A review of the pleadings, affidavits and depositions filed in the cause reveals the following facts.

At all pertinent times, a contract of liability insurance existed between the plaintiff Jones and defendant West American and the provisions of the policy pertinent to this case are set out in our discussion of the issues for review.

In December, 1983, plaintiff was the masonry subcontractor to the general contractor, Brown Construction Company, for construction of The Church of the Incarnation in Shelby County. While plaintiff's employees were doing the brick work, mortar splashed or dropped onto some uncovered windows of the church. Two of plaintiff's employees were on the construction site cleaning the brick when the general contractor's superintendent instructed them to clean the windows. These employees did as instructed. However, the cleaning pro-

cess the two employees were using for the brick was not proper for the windows, thereby damaging the window panes and frames resulting in monetary damages of $4,042.21. The general contractor held a "retainage" of money due the subcontractor pending satisfactory completion of the subcontractor's work. The general contractor, after having the frames and windows repaired and replaced, paid for the work out of the plaintiff's retainage. Plaintiff then sought reimbursement from West American, but West American declined, resulting in this action.

Both parties filed motions for summary judgment and the only issue for review is whether the trial court erred in denying West American's motion and granting Jones' motion.

West American first contends that on the undisputed facts it is not liable under the terms of the policy and second that plaintiff did not meet a required condition precedent to recovery. On the other hand, Jones contends that under the same undisputed facts coverage is provided. The dispute requires a construction of the policy which is a question of law for the court. *Petty v. Sloan,* 197 Tenn. 630, 277 S.W.2d 355 (1955).

The policy as pertinent to this case provides:

### COVERAGE B—PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as damages because of

\* \* \* \* \* \*

Coverage B. **property damage**
to which this insurance applies, caused by an **occurrence,** and the company shall have the right and duty to defend any suit against the **insured** ... even if any of the allegations of the suit are groundless, false or fraudulent, ...

\* \* \* \* \* \*

### CONDITIONS

\* \* \* \* \* \*

5. **Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until the amount of the **insured's** obligation to pay shall have been finally determined either by judgment against the **insured** after actual trial or by written agreement of the **insured,** the claimant and the company.

\* \* \* \* \* \*

In *Cocke County Board of Highway Commissioners v. Newport Utilities Board,* 690 S.W.2d 231 (Tenn.1985), our Supreme Court said:

It is the Court's duty to enforce contracts according to their plain terms. *Bob Pearsall Motors, Inc. v. Regal Chrysler-P., Inc.,* Tenn., 521 S.W.2d 578 (1975). In construing a contract, the entire contract should be considered in determining the meaning of any or all its parts. *Crouch v. Shepard,* 44 Tenn. 384, 4 Cold. 383 (1867). It is the universal rule that a contract must be viewed from beginning to end and all its terms must pass in review, for one clause may modify, limit or illuminate another. *Associated Press v. WGNS, Incorporated,* 48 Tenn.App. 407, 348 S.W.2d 507 (1961). 690 S.W.2d at 237.

In *Guardian Life Insurance Co. of America v. Richardson,* 23 Tenn.App. 194, 129 S.W.2d 1107 (1939), the Court set out the rules for the construction of insurance contracts:

"Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense. The rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties or disregard the evidence (intention) as expressed, or to refine away terms of a contract expressed with suffi-

cient clearness to convey the plain meaning of the parties and embodying requirements, compliance with which is made the condition to liability thereon. Neither does the rule prevent the application of the principle that policies of insurance, like other contracts, must receive a reasonable interpretation consonant with the apparent object and plain intent of the parties." (citations omitted).

23 Tenn.App. at 207, 129 S.W.2d at 1115–16.

Where there is no ambiguity, it is the duty of the court to apply to the words used their ordinary meaning and neither party is to be favored in their construction. *Brown v. Tennessee Auto. Ins. Co.*, 192 Tenn. 60, 237 S.W.2d 553 (1951); *Ballard v. North Am. Life & Casualty Co.*, 667 S.W. 2d 79 (Tenn.App.1983).

The clear language of the contract of insurance before us requires the insurer to pay covered property damage only when "the insured shall become legally obligated to pay." Since the same insuring clause provides that the insurer shall have the right and duty to defend any suit against the insured, it seems clear to this court that the provision of the policy requiring the insurer to pay sums which "the insured has become legally obligated to pay as damages," is synonymous with "to pay all sums established by judgment entered against the insured." This interpretation becomes even more clear when we consider the provisions of Paragraph 5 under the Conditions of the policy. It is clear that there is no liability on the part of the company until the insured's liability is determined, either by a judgment against the insured or by an agreed settlement between the insured, the company and the claimant.

In the case at bar, no judgment has been rendered against the insured Jones, and therefore under the clear terms of the policy, the plaintiff Jones has never become legally obligated to pay damages. Since Jones has not become legally obligated to pay damages, the insurer West American cannot be required to pay any sums on behalf of Jones.

Although we have found no Tennessee case precisely on point, we have found an analogous case from our neighboring state of Arkansas. In *Willett's Plumbing v. Northwestern National Casualty Co.*, 261 Ark. 447, 548 S.W.2d 830 (1977), a subcontractor filed suit against its general liability insurer to recover the amount that the subcontractor had voluntarily paid the general contractor for damages allegedly caused by the negligence of the subcontractor's employees. The general contractor sustained damages in the amount of $7,207.70 allegedly caused by the negligence or faulty workmanship of the subcontractor's employees. The claims were submitted to the defendant insurer, and were refused except for a small amount. The subcontractor then voluntarily paid the contractor and filed suit against the insurer to recover the amount paid. The insurer relied upon the "no action" clause of the policy, and based on this defense, the trial court granted summary judgment for the insurer. The no action clause is substantially the same as the Paragraph 5, Conditions, in the policy before us. The Arkansas Supreme Court affirmed the trial court's granting of summary judgment for the insured, and stated:

> The rule is that, absent a demonstration of bad faith, a liability insurer acts within its contract rights whenever it refuses to voluntarily settle a claim and insists there be an adjudication of the matter on its merits. [citations omitted] Here, upon a review of the pleadings, affidavits and exhibits, no bad faith is demonstrated on the part of the appellee. It appears the appellee insurer made an investigation and determined that only one of the claims justified payment without litigation. Therefore, since there was no genuine issue of fact presented as to bad faith on appellee's part in refusing payment of the claims and *it being undisputed that the conditions precedent to a right of action against appellee have not been met*, the trial court correctly granted the summary judgment. (emphasis added).

261 Ark. at 61, 548 S.W.2d at 831.

We agree with the reasoning of the Arkansas Supreme Court in *Willett's Plumb-*

*ing* and accordingly the order of the trial court is reversed and summary judgment is granted for defendant-appellant, West American Insurance Company. Costs of appeal are assessed against the appellee, and this case is remanded to the trial court for such further proceedings as may be necessary.

TODD, P.J., and FARMER, J., concur.