Nathan E. BROOKS

v.

BOARD OF PROFESSIONAL RE-
SPONSIBILITY OF THE SUPREME
COURT OF TENNESSEE.

Supreme Court of Tennessee.

June 2004 Session.

Aug. 20, 2004.

Nathan E. Brooks, Chattanooga, Tennessee, pro se.

James A. Vick, Nashville, Tennessee, for the appellee, Board of Professional Responsibility.

## OPINION

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

The issue in this case is whether the Chancery Court erred in upholding the grant of summary judgment to the Board of Professional Responsibility ("Board") on a petition for reinstatement filed by the appellant, Nathan E. Brooks ("Brooks").

On Brooks' petition for reinstatement to the practice of law, the hearing panel granted the Board's motion for summary judgment on grounds that Brooks failed to meet three conditions precedent for seeking reinstatement set forth in the suspension order and the conditional guilty plea on which the order was based: (1) failure to notify clients of his suspension as required by Supreme Court Rule 9, section 18; (2) failure to pay costs and expenses of the proceeding as required by Supreme Court Rule 9, section 24.3; and (3) failure to pay restitution. After thorough review of the law and the facts of this case, we hold that there was no error in the grant of summary judgment. Additionally, we have before us two motions—a motion to consider post-judgment facts and a motion to vacate. We grant in part the motion to consider post-judgment facts but deny the motion to vacate.

## BACKGROUND

To put this matter in context, and because this case comes before us on a grant of summary judgment, a thorough review of the factual and procedural history is necessary. Brooks was admitted to the practice of law in Tennessee in 1986. He was served with a petition for discipline on March 3, 1997 and a supplemental petition for discipline on November 7, 1997.

Faced with possible disbarment, Brooks entered into a negotiated settlement with the Board on February 13, 1998, agreeing to a two-year suspension from the practice of law. In addition to the two-year suspension, Brooks agreed to pay restitution on twelve complaints, totaling $8,532.50, and to pay costs and expenses of the proceeding, totaling $2,028.82. As part of the plea, Brooks admitted that he was guilty of violating the following Disciplinary Rules

of the Code of Professional Responsibility [1] : DR 1–102(A)(1), (5), (6) [2]; DR 2–106(A), (B) [3]; DR 2–110(A)(2), (3) [4]; DR 6–101(A)(2), (3) [5]; DR 7–101(A)(1)–(4) [6]; DR 7–106(C)(5), (6) [7]; DR 9–102(B)(4) [8]; and Tennessee Code Annotated section 23–3–201(3), (5).[9]  Brooks was represented by

---

1. Effective March 1, 2003 the Code of Professional Responsibility was replaced by the Tennessee Rules of Professional Conduct.

2. DR 1–102.  Misconduct

   (A) A lawyer shall not:

   (1) Violate a Disciplinary Rule.

   \* \* \*

   (5) Engage in Conduct that is prejudicial to the administration of justice.

   (6) Engage in any other conduct that adversely reflections on his fitness to practice law.

3. DR 2–106.  Fees for Legal Services

   (A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

   (B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.

4. DR 2–110.  *Withdrawal From Employment*

   (A) In General.

   \* \* \*

   (2) In any event, a lawyer shall not withdraw from employment *until the lawyer has* taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

   (3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.

5. DR 6–101.  Failing to Act Competently

   (A) A lawyer shall not:

   \* \* \*

   (2) Handle a legal matter without preparation adequate in the circumstances.

   (3) Neglect a legal matter entrusted to the lawyer.

6. DR 7–101.  Representing a Client Zealously

   (A)(1) A lawyer shall act with reasonable diligence and promptness in representing a client.

   (2) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for communication or information.

   (3) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

   (4) A lawyer shall not intentionally:

   (a) Fail to seek the lawful objectives of the client through reasonably available means. . . .

   (b) Fail to carry out a contract of employment entered into with a client for professional services. . . .

   (c) Prejudice or damage the client during the course of the professional relationship. . . .

7. DR 7–106.  Trial Conduct

   \* \* \*

   (C) In appearing in a professional capacity before a tribunal, a lawyer shall not:

   \* \* \*

   (5) Fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of an intent not to comply.

   (6) Engage in undignified or discourteous conduct which is degrading to a tribunal

8. DR 9–102.  Preserving Identity of Funds and Property of Client

   \* \* \*

   (B) A lawyer shall:

   \* \* \*

   (4) Promptly pay or deliver to the client as requested by a client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive.

9. Tennessee Code Annotated section 23–3–201 (repealed by 2000 Pub.Acts, c. 611, § 1, eff.  March 30, 2000) provides:

   Any attorney, solicitor or counselor at law admitted to practice in the courts of the state may be disbarred or suspended from the practice of law who:

   \* \* \*

counsel and entered his plea of guilty knowingly and voluntarily.

An order of enforcement accepting and incorporating the guilty plea was entered by the Court on February 19, 1998. That order served as a resolution and disposition of all disciplinary proceedings arising out of the allegations contained in the petition for discipline and supplemental petition for discipline with the exception of two complaints. The order also served as resolution and disposition for six additional complaints that were dismissed upon the condition of payment of restitution. Pursuant to the order, Brooks was suspended from the practice of law for a period of two years. The order also provided, in pertinent part:

It is further ORDERED that Nathan Edward Brooks shall comply in all respects with Rule 9, Rules of Supreme Court of Tennessee, specifically with Section 18 of said Rules regarding the obligations and responsibilities of suspended attorneys.

It is further ORDERED that Respondent, Nathan Edward Brooks, pursuant to Section 24.3 of Rule 9 of this Court, shall reimburse and pay to the Board of Professional Responsibility the costs and expenses of this proceeding in the amount of $2028.82; and, in addition, shall pay to the Clerk of this Court the costs incurred herein; for all of which execution shall issue, if necessary.

On January 7, 2002, approximately four years after being suspended, Brooks filed a motion seeking reinstatement to practice law. In his petition, Brooks stated that the two-year suspension period had passed and that he is learned in the law and possesses the moral and ethical competence to resume the practice of law. The Board responded, setting forth the affirmative defenses that Brooks had failed to comply with the requirements of Supreme Court Rule 9 section 18, failed to pay the costs as required by the order and by Rule 9 section 24.3, and failed to pay restitution required by the conditional guilty plea. At the same time, the Board filed interrogatories for Brooks to answer regarding his failure to perform the above conditions precedent, and regarding his competency in the law and moral character.

In answering the Board's interrogatories, Brooks admitted that he had not paid the costs of the prior proceeding or the restitution as agreed to in the plea. He stated that he had been unable to pay because of his financial situation. In a subsequent affidavit, Brooks stated that he was unable to fully comply with section 18 of Rule 9 regarding notice to clients of his suspension because he had been evicted from his office after having been a few days late on his rent, and therefore did not have access to his files. He assumed, however, that the attorneys who had been appointed by the court to inventory his files had taken the necessary steps to notify his clients.

On June 17, 2002, the Board filed a motion for summary judgment, having set forth undisputed facts regarding Brooks' failure to pay costs, pay restitution, or comply with the notification requirements of Rule 9, section 18. The matter went before the hearing panel on October 3, 2002 on the summary judgment motion of the Board and on multiple motions by Brooks. In an order entered October 14, 2002, the hearing panel granted the Board's motion for summary judgment and

(3) Wrongfully retains money or property of a client for an unreasonable time after demand made;
* * *

(5) Is guilty of any unprofessional conduct, dishonesty, malpractice, or any conduct which renders such person unfit to be a member of the bar.

denied or dismissed the remaining motions filed by Brooks.

Brooks filed a petition for writ of certiorari in the Chancery Court for Hamilton County on December 9, 2002, seeking review of the decision of the Board's hearing panel. He also asked the court to set aside portions of the order of enforcement with respect to restitution and to reinstate him to the practice of law. With his petition he filed an affidavit of indigency for appeal. The Board responded that the court did not have jurisdiction to provide the relief requested by Brooks, and that the summary judgment was proper because Brooks failed to comply with the order and plea and there were no mitigating circumstances that warranted relief from those requirements.

Brooks filed a motion to set a hearing. The Board's response was that there should be no hearing on the petition because the court had yet to set aside or even consider the summary judgment granted by the hearing panel. Brooks argued that he was still entitled to a hearing and that the denial of said hearing was a denial of his rights to due process and equal protection.

Meanwhile, in July of 2003, Brooks began making payments to the Board to go towards the $2,028.82 in costs of his suspension proceeding.[10] He paid $275.00 between July and November of 2003. In 2004, Brooks continued to make payments of $25.00 every few weeks for total payment of approximately $500 toward the original $2,028.82. However, no money was paid toward the restitution owed.

On October 16, 2003, the Chancery Court entered an Order upholding the summary judgment of the hearing panel because Brooks failed to comply with the conditions precedent to his reinstatement set forth in the suspension order and conditional guilty plea. Brooks filed a motion for relief from the judgment and asked the court to enter summary judgment on his behalf. He asserted that he was entitled to relief because he had since posted a cost bond and begun paying on the costs assessed in the suspension order. He also contended that he was entitled to summary judgment because the Board had never responded. The Court denied his motion on grounds that the motion dealt with events that transpired after the hearing panel's summary judgment, and the court's order only addressed whether the summary judgment was appropriate at the time the summary judgment was entered.

Brooks filed his notice of appeal to this Court on November 11, 2003.

## STANDARD OF REVIEW

■ When a party appeals the judgment of a Board of Professional Responsibility hearing committee, the trial court shall review the evidence before the hearing committee, as well as the proof either party may introduce, and shall determine the facts by the preponderance of the evidence. Tenn. Sup.Ct. R. 9, § 1.3 (2001). The trial court's judgment may be appealed directly to this Court. *Id.* Our review

---

10. On May 19, 2004, Brooks filed a Motion to Consider Post Judgment Facts, asking this Court to consider the hours of continuing legal education ("CLE") that he earned since his suspension and the amount of money paid toward the prosecution of his case. Only the facts regarding payment of costs to the Board are relevant to this appeal. The facts regarding CLE hours and Brooks' efforts to remain current in his learning of the law are not relevant because Brooks' qualifications and competency are not yet at issue due to his failure to comply with the conditions of his suspension. Therefore, we grant the motion as to the money paid towards costs, but deny the motion with regard to the CLE hours. *See* Tenn. R.App. P. 14(a).

of the decision is de novo with a presumption of correctness unless the preponderance of the evidence is contrary to the trial court's action. *Murphy v. Bd. of Prof'l Responsibility*, 924 S.W.2d 643, 647 (Tenn. 1996).

However, this case comes to us following the grant of a motion for summary judgment. The standard for reviewing a grant of summary judgment is de novo without any presumption that the trial court's conclusions were correct. *See Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn.2000). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn.2000); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993). In reviewing the record, "[c]ourts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn.2000). "If both the facts and conclusions to be drawn therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate." *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 91 (Tenn. 1999).

## ANALYSIS

While Brooks has raised numerous issues on appeal, the dispositive issue is whether Brooks can be reinstated to the practice of law without having met the conditions precedent to reinstatement set forth in his conditional guilty plea, the suspension order, and Supreme Court Rule 9.

In order to dispose of the numerous disciplinary complaints against him,

Brooks entered into a negotiated plea of guilty. This plea was entered into knowingly and intelligently, and with the advice of counsel. Pursuant to this plea, in addition to serving a two-year suspension from the practice of law, Brooks agreed to pay restitution in the amount of $8,532.50 and to pay costs and expenses of the proceeding in the amount of $2,028.82. Payment of costs and expenses is required as a condition precedent to reinstatement by Supreme Court Rule 9, section 24.3.

Brooks' plea of guilty was accepted by this Court and was incorporated into a final order of enforcement on February 19, 1998. The order also required Brooks to comply with Supreme Court Rule 9, section 18, which provides that a suspended attorney must notify his clients of his suspension and must submit an affidavit to the Board detailing his compliance. Thirty days after the plea was accepted by the Court and the order of enforcement entered, it became a final judgment against Brooks.

There is no dispute that when Brooks filed his petition for reinstatement, he had not complied with the three aforementioned conditions precedent. Brooks did not properly comply with Supreme Court Rule 9, section 18, in that he did not timely notify all of his clients of his suspension, nor did he file an affidavit of compliance with the Board. Brooks did not pay any of the $2,028.82 in costs and expenses prior to filing his petition. It was not until July of 2003 (some seven months after his petition was filed), that he began making small payments to the Board to go toward those costs due. Brooks did not, and still has not, made any payments towards restitution.

In order to be reinstated to the practice of law, a suspended attorney has the burden of demonstrating by clear and

convincing evidence that the attorney has the moral qualifications, competency and learning in law required for admission to practice law within the State and that the resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive to the public interest. Sup.Ct. R. 9, § 19.3. Such a determination is made following a hearing before the hearing committee. However, before the hearing committee can address the merits of the petition (i.e. whether the petitioner has the moral qualifications, competency and learning in law), the petitioner must first show that the conditions of the suspension have been met.

It is undisputed that Brooks has failed to meet the conditions set forth in the order of suspension and his conditional guilty plea. As such, the hearing panel properly granted the Board's motion for summary judgment.

Brooks contends that there are mitigating factors that should relieve him from his obligation to meet the aforementioned conditions precedent and that therefore, he is entitled to reinstatement.[11]

■ First, Brooks states that he is indigent and therefore unable to pay the costs and restitution that he previously agreed to pay as part of the conditional guilty plea. Brooks provided the hearing panel and the Chancery Court with sworn affidavits explaining his indigent status. He claims that by denying him a hearing on his petition for reinstatement based on his inability to pay the costs and restitution, the hearing panel and Chancery Court were denying him due process and equal protection.

■ Brooks compares his denial of a hearing to that of an indigent being denied access to the courts for an inability to make a cost bond or pay the fees and costs associated with the proceeding. Although there is a constitutional obligation to provide access to the courts to indigent persons in certain circumstances, *see Dungan v. Dungan,* 579 S.W.2d 183 (Tenn.1979), Brooks does not fall within that class of persons. Brooks has not been denied access to the courts. He was allowed to file his petition for reinstatement with the Board, along with multiple motions and supporting affidavits. He was allowed to appeal the decision of the Board to Chancery Court, and then appeal that decision to this Court.

Instead of being denied access to the courts or to a hearing before the Board, Brooks has been denied a hearing on the merits of his petition due to his failure to meet certain conditions precedent. The costs and restitution owed by Brooks as part of the suspension order is a final judgment against him. And as a final judgment, his obligation cannot be simply forgiven by this Court.

■ Second, Brooks argues that he should not be required to pay the restitution prior to reinstatement because some of the complaints of misconduct which formed the basis for the suspension were the product of a fraudulent scheme occurring in the early 1990s. However, Brooks waived this argument when he voluntarily entered into the conditional guilty plea in which he agreed to pay restitution on the disciplinary complaints that he now contends were fraudulent.

■ Brooks also contends that many of the complaints on which he was required

11. While Brooks argues that he is entitled to be reinstated to the practice of law, if he met or was relieved from his obligations, the most he would be entitled to is a hearing on the merits of his legal and moral qualifications to be reinstated.

to pay restitution were "pure" fee disputes over which the Board had no jurisdiction. Again, Brooks voluntarily agreed to pay restitution on these complaints as part of his guilty plea. Furthermore, contrary to Brooks' assertion, the Board does have jurisdiction over many fee disputes and complaints, including those for which a client paid for services which he did not receive. *See* Sup.Ct. R. 8, DR 2–106. As part of his conditional guilty plea, Brooks admitted to violating DR 2–106, a violation that clearly falls within the purview of the Board.[12]

Lastly, Brooks argues that it was unfair to deny him reinstatement based on his failure to comply with section 18.1 of Supreme Court Rule 9 because he was unable to fully comply with the requirements of the rule, and substantial compliance should be sufficient. Brooks contends that under a literal application of the rule, a lawyer who is unable, at the time of his/her suspension, to prove notice to clients would be barred forever from being reinstated.

We do no need to reach the issue in this case of whether summary judgment based on failure to notify clients is proper because Brooks also failed to pay costs and restitution.

## CONCLUSION

When he signed the conditional guilty plea, Brooks agreed to do three things: pay restitution to certain aggrieved clients; pay costs of the proceeding against him; and comply with notification requirements. He failed to do any of those things prior to petitioning for reinstatement, and has only since made small payments towards costs. He continues to deny his obligation to pay the restitution that he previously agreed to pay. Because Brooks has not met, either in their entirety or even substantially, the conditions precedent to his reinstatement, the Chancery Court properly granted summary judgment to the Board. And because the grant of summary judgment in favor of the Board was proper, the denial of Brooks' motion for summary judgment was likewise proper.

Costs of this appeal are assessed to Nathan E. Brooks, and his surety, for which execution may issue if necessary.

---

12. In addition to making these arguments as to why he should not have to pay the restitution, Brooks filed a Motion to Vacate on June 2, 2004, in which he asked this Court to vacate those portions of the February 1998 judgment relating to the payment of restitution. For the same reasons that we reject his arguments on appeal, we deny his motion to vacate.