# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### FEBRUARY 15, 2006 Session

## TERRY L. HARRIS, ET AL. v. JEFFREY L. STOVER and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

### Direct Appeal from the Chancery Court for Shelby County
#### No. CH-04-0078-1      Walter Evans, Judge

---

### No. W2005-02173-COA-R3-CV - Filed May 30, 2006

---

In this appeal, we are asked to determine whether the chancery court properly granted the plaintiffs' motion for summary judgment.  In this case, a lessor and his insurance company brought a direct action against a lessee and the lessee's insurance company seeking a declaration of the parties' rights under the lease agreement and reimbursement to the lessor's insurance company for amounts paid to the lessor for damages to the rental property as a result of a fire while the lessee resided on the property.  On appeal, the appellant argues that under the terms of the insurance policy maintained by the lessee, no obligation to pay the lessor or his insurance company arose as a matter of law.  We reverse the decision of the chancery court and remand to the chancery court for the entry of an order granting summary judgment to the appellant.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Parks T. Chastain, David M. Hannah, Nashville, TN, for Appellant, Nationwide Mutual Fire Insurance Company

Randall N. Songstad, Cordova, TN, for Appellees

**OPINION**

## I.  FACTS & PROCEDURAL HISTORY

On May 11, 2000, Terry L. Harris ("Harris") and Jeffrey L. Stover ("Stover") entered into a lease agreement (the "Lease") whereby Stover would lease a residence located in Cordova, Tennessee (the "Property") from Harris.  The lease agreement granted Stover an option to purchase the Property.  If Stover exercised his option, the purchase price of the Property would reflect a $200 credit for each month's rent Stover had paid.  The effective date of the Lease was December 1, 1999. The initial term of the lease was for six months, "subject to an automatic right of renewal at the exclusive option of Stover (or his assignee) up to and including December 31, 2002."  If Stover did not exercise his option to purchase the Property by December 31, 2002, the Lease and the option to purchase would expire.  Paragraph 3 of the Lease also required Stover to maintain insurance on the Property.  As a result, Stover maintained an insurance policy on the Property (the "Insurance Policy") with Nationwide Mutual Fire Insurance Co. ("Nationwide" or "Appellant").  Even though the Lease required Stover to maintain insurance on the Property, Harris also maintained insurance on the Property with Allstate Insurance Co. ("Allstate" or collectively with Harris, "Plaintiffs" or "Appellees").

In December of 2001, a fire occurred on the Property, causing damage to the Property.  As of the date of the fire, Stover had not exercised his purchase option under the Lease.   Harris then filed a claim for damages with Allstate.  Subsequently, Allstate paid to Harris $168,659.40 for the damages incurred to the Property as a result of the fire.

On January 12, 2004, Plaintiffs filed an action for declaratory judgment against Stover and Nationwide requesting the chancery court to declare the rights and liabilities of the parties with respect to paragraph 3 of the Lease, to find that Plaintiffs were not liable for the damages incurred to the Property as a result of the fire, to find that Defendants must reimburse Allstate for the amount paid to Harris as a result of the damages incurred to the property, to award costs to Plaintiffs, and to award pre-judgment and post-judgment interest to Plaintiffs.

On April 16, 2004, Nationwide filed an answer to Plaintiffs' complaint.  On March 28, 2005, Nationwide filed a motion for summary judgment, which the chancery court denied on June 10, 2005. On June 21, 2005, Plaintiffs filed a motion for summary judgment.  The chancery court granted Plaintiffs' motion for summary judgment.

## II.  ISSUE PRESENTED

Appellant has timely filed a notice of appeal and presents the following appealable issue for review:

1.      Whether the chancery court erred when it granted Appellees' motion for summary judgment.

For the following reasons, we reverse the decision of the chancery court and remand to the trial court for the entry of an order granting summary judgment to Appellant.

### III. STANDARD OF REVIEW

As the Tennessee Supreme Court has stated,

> [t]he standard for reviewing a grant of summary judgment is de novo without any presumption that the trial court's conclusions were correct. *See Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). In reviewing the record, "courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). "If both the facts and conclusions to be drawn therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate." *Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86, 91 (Tenn. 1999).

***Brooks v. Bd. of Prof'l Responsibility of the Supreme Court***, 145 S.W.3d 519, 524 (Tenn. 2004).

### IV. DISCUSSION

On appeal, Appellant asserts that the chancery court erred when it granted Appellees' motion for summary judgment. Since this case was decided on summary judgment, we must analyze it within that context. As such, our analysis begins with whether there are any disputed issues of material fact. As to this case, there are no disputed issues of material fact. Thus, we must affirm the chancery court's decision if Appellees were entitled to summary judgment as a matter of law.

In this case, Appellees brought suit against Appellant and Stover to declare their rights under paragraph 3 of the Lease[1] and to have Allstate reimbursed for amounts paid to Harris for damages to the Property as a result of the fire. However, Appellant was not a party to the lease. Thus, in order for Appellant to be liable for any damages, an obligation for Appellant to pay pursuant to the Insurance Policy must accrue to Appellees. Otherwise, Appellant is not liable.

---

[1] Paragraph 3 of the Lease states that "[d]uring the term of this Agreement (any extensions or renewals thereof), Stover shall be responsible for the maintenance and upkeep on said property, and shall also be responsible for maintaining insurance coverage on said property. . . ."

"The interpretation of a contract is a matter of law . . . ." ***Teter v. Republic Parking Sys.***, 181 S.W.3d 330, 342 (Tenn. 2005) (citing *Hamblen County v. City of Morristown*, 656 S.W.2d 331, 335-36 (Tenn. 1983)). "Like any other contract, however, a court has a duty to enforce insurance contracts 'according to their plain terms. Further, the language used must be taken and understood in its plain, ordinary and popular sense.'" ***Griffin v. Shelter Mut. Ins. Co.***, 18 S.W.3d 195, 200 (Tenn. 2000) (citing *Alcazar v. Hayes*, 982 S.W.2d 845, 848-49 (Tenn. 1998)). "It is the universal rule that a contract must be viewed from beginning to end and all its terms must pass in review, for one clause may modify, limit or illuminate another." ***Cocke County Bd. of Highway Comm'rs v. Newport Utils. Bd.***, 690 S.W.2d 231, 237 (Tenn. 1985) (citing *Associated Press v. WGNS, Inc.*, 348 S.W.2d 507 (Tenn. Ct. App. 1961)).

Pursuant to the terms of the Insurance Policy, Appellant agreed to provide two different types of coverage to Stover for the Property: property coverage and personal liability coverage. Under the terms of the Insurance Policy related to property coverage, Appellant had an obligation to pay, subject to certain limitations, for damages to the Property to Stover because of certain perils up to the lesser of (1) Stover's interest in the Property and (2) the policy's limits for this type of damage. Thus, Appellant may be liable to Stover for any ownership interest he had in the property subject to the terms of the Insurance Policy. While both parties have argued at length in their briefs as to the amount of insurable interest Stover had in the Property prior to its damage, there is nothing in the record to demonstrate that Harris is a party or third party beneficiary to the property coverage portion of the Insurance Policy or that Stover assigned any right to any insurance claim under the property coverage section of the Insurance Policy to Appellees. As a result, regardless of the amount of insurable interest Stover had in the Property, Appellees, as a matter of law, may not collect under the property coverage provisions of the Insurance Policy. 17B C.J.S. *Contracts* § 610 (1999) ("One who is not a party to a contract has no right to enforce it, unless such person is an intended third party beneficiary of the contract, or an assignment of the contract has occurred." (footnotes omitted)).

Under the terms of the personal liability coverage provisions, Appellant had an obligation to pay for damages to the Property which Stover was legally obligated to pay due to an occurrence up to the policy's limits for such occurrence. However, the personal liability coverage provisions of the Insurance Policy also contained a "no action" clause, which prevents a third party from bringing a direct action against Appellant to recover under the personal liability coverage provisions of the Insurance Policy unless the third party obtained a final judgment of a court or an agreement signed by Appellant creating an obligation of the insured that was covered in the Insurance Policy. As this clause creates a condition precedent to a right of action against Appellant that Appellees have not met, Appellees, as a matter of law, cannot bring suit against Appellant as it was premature. ***See Jones Masonry, Inc. v. W. Am. Ins. Co.***, 768 S.W.2d 686, 688-89 (Tenn. Ct. App. 1988) (quoting *Willett's Plumbing v. Nw. Nat'l Cas. Co.*, 548 S.W.2d 830, 831 (Ark. 1977)).

Thus, Appellees, as a matter of law, cannot maintain a direct action against Appellant under the property coverage and personal liability coverage provisions of the Insurance Policy. Accordingly, the chancery court improperly granted summary judgment. Generally, this finding would require a remand to the chancery court to proceed with a trial on the merits. However, in

certain instances, "summary judgment may be granted in favor of a nonmovant." ***Griffis v. Davidson County Metro. Gov't***, 164 S.W.3d 267, 284 (Tenn. 2005) (citing *Thomas v. Transp. Ins. Co.*, 532 S.W.2d 263, 266 (Tenn. 1976)). "Such action should be taken[, however,] only in rare cases and with meticulous care." ***Id.*** "Further, the party against whom summary judgment is to be rendered must have had notice and a reasonable opportunity to respond to all the issues to be considered." ***Id.*** (citing *Thomas*, 532 S.W.2d at 266; *March Group, Inc. v. Bellar*, 908 S.W.2d 956, 959 (Tenn. Ct. App. 1995)).

In this case, no genuine issue of material fact exists. Thus, this Court must decide the legal conclusions *de novo* to determine whether the non-movant was entitled to summary judgment. We are aware that the chancery court denied summary judgment to Appellant some time before granting summary judgment to Appellees. We find, for the foregoing reasons, that, as a matter of law, Appellees cannot maintain a direct action against Appellant. Consequently, Appellant is entitled to summary judgment. Accordingly, we reverse the decision of the chancery court and remand to the trial court for the entry of an order granting summary judgment to Appellant. ***See CMH Homes, Inc. v. McEachron***, No. E2004-02189-COA-R3-CV, 2005 Tenn. App. LEXIS 672 (Tenn. Ct. App. 2005).

## V. CONCLUSION

For the foregoing reasons, we reverse the decision of the chancery court and remand to the chancery court for the entry of an order granting summary judgment to Appellant. Costs of this appeal are taxed to Appellees, Terry L. Harris and Allstate Insurance Co., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE